UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EARL H. BOND, JR, | Case No.: 2:20-cv-00780-APG-NJK |
| Plaintiff | **SCREENING ORDER** |
| v. | |
| CLARK COUNTY DETENTION CENTER, *et al.*, | |
| Defendants | |

Plaintiff Earl Bond was incarcerated in the custody of the Nevada Department of Corrections (NDOC). He has submitted a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1-1. Following his release from prison, and in compliance with this court's order, Bond submitted an application by a non-inmate to proceed in district court without prepaying fees or costs. ECF No. 6. Based on the financial information provided, I will grant Bond leave to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1). Bond is not subject to the requirements of 28 U.S.C. § 1915(a)(2), (b) because he is no longer a "prisoner" within the meaning of the statute. *See* 28 U.S.C. § 1915(h).

**I.     SCREENING STANDARD**

"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. Thus, when reviewing the adequacy of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard as is applied under Rule 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II. SCREENING OF COMPLAINT

Bond sues multiple defendants arising from several different events both preceding and during his incarceration at the Clark County Detention Center (CCDC). ECF No. 1-1 at 1-2, 19-42. He sues CCDC, Aramark Corp. (county jail food provider), Maggie (county jail cook), Junior Ramos (county jail cook), Mary (county jail cook), Jasmine (county jail cook), Las Vegas Metropolitan Police Department (LVMPD), Officer Rohan (CCDC/LVMPD officer), Naph Care (county jail medical provider), Horace Tadeo (county jail RN), Doe Clothing Supervisor (CCDC clothing supervisor), Doe LVMPD Officer #2 and #3 (LVMPD officers), Cameron Sims (LVMPD officer), Matthew Snodgrase (LVMPD officer), Darek Jappe (LVMPD officer), John Alessio (LVMPD officer), Justin Williams (LVMPD officer), Ashley Barney (LVMPD officer), William Ramos (LVMPD officer), Justin Marzec (LVMPD officer), Blake Ferron (LVMPD officer), Albert Mermini (LVMPD officer), and Jenelle Salas (county jail RN). Bond asserts six counts and seeks monetary relief. *Id.* at 1, 46.

### A. *Defendant CCDC*

I must dismiss CCDC with prejudice as amendment would be futile. "The CCDC is an inanimate building, not a person or entity subject to liability. The law defines persons as including natural persons (*i.e.*, human beings) as well as corporations and political subdivisions. However, objects such as buildings do not fit within this definition. Therefore CCDC, a building, is not subject to liability." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011).

3

### B. Improper Pleading of Claims

I dismiss the complaint in its entirety without prejudice with leave to amend as Bond's complaint and allegations violate the Federal Rules of Civil Procedure (FRCP) regarding appropriate pleading of claims. Bond's complaint is 46 pages long and he appears to be suing 21 defendants for several unrelated events that took place in April and May 2018. *Id*. at 2-42. To assist Bond in preparing and properly formatting an amended complaint, I advise him of the following requirements under the FRCP. Bond is advised that the failure to comply with these rules when filing his First Amended Complaint may result in this action being dismissed.

First, under FRCP 8, Bond's First Amended Complaint must contain "a short and plain statement of the claim showing that [Bond] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *Id*. Bond's current allegations are not simple, concise, and direct.

Second, Bond may not raise multiple unrelated claims in a single lawsuit. The FRCP do not permit a litigant to raise unrelated claims involving different defendants in a single action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the lawsuit when those claims are against the same defendant. Federal Rule of Civil Procedure 20(a) allows a plaintiff to add multiple parties to a lawsuit where the right to relief arises out of the "same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "However, unrelated claims that involve different defendants must be brought in separate lawsuits." *Bryant v. Romero*, No. 1:12-CV-02074-DLB PC, 2013 WL 5923108, at *2 (E.D. Cal. Nov. 1, 2013) (*citing George v. Smith*,

507 F.3d 605, 607 (7th Cir. 2007)). This rule is intended to avoid confusion that arises out of bloated lawsuits.[1]

Third, Bond's First Amended Complaint must be complete in itself. If Bond chooses to file a First Amended Complaint, I advise him that the First Amended Complaint will supersede the original complaint. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Bond's First Amended Complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit and it must comply with FRCP 8, 10, 18, and 20. Moreover, he must file the First Amended Complaint on this court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

If Bond chooses to file a First Amended Complaint curing the deficiencies of his complaint as outlined in this order, he shall file the First Amended Complaint **by June 18, 2021**. If he does not, I will dismiss this action without prejudice.

Lastly, I direct Bond to review the law for claims asserting Fourteenth Amendment – conditions of confinement,[2] Fourteenth Amendment due process – inadequate medical care,

---

[1] If Bond needs to file multiple lawsuits to comply with this rule, he may do so by filing a new application to proceed *in forma pauperis* and a new complaint for each case.

[2] Bond has asserted some of his claims as violations of the Eighth Amendment's bar against cruel and unusual punishment. However, it appears Bond was a pre-trial detainee, so his claims are appropriately brought under the Fourteenth Amendment. "[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" *Vazquez v. Cty. of Kern*, 949 F.3d 1153, 1163–64 (9th Cir. 2020).

supervisory liability, and municipal liability. Bond should also review the law that prohibits using § 1983 actions to bring claims that necessarily challenge the fact or duration of his confinement. After reviewing the law, Bond should consider whether he can validly raise claims against the named defendants in a First Amended Complaint.

### C. *Fourteenth Amendment Due Process – Conditions of Confinement*

A pretrial detainee's claims challenging unconstitutional conditions of confinement fall under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 n.2 (9th Cir. 2018). I evaluate Fourteenth Amendment conditions of confinement claims under the objective deliberate indifference standard. *See id.* (recognizing that "[t]he Second Circuit also recently extended the objective deliberate indifference standard to all conditions of confinement claims brought under the due process clause of the Fourteenth Amendment). Based on *Castro v. County of Los Angeles*, 833 F.3d 1060, 1068–71 (9th Cir. 2016) and *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018), Bond must show the following elements in a claim of unconstitutional conditions of confinement: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) the conditions were not necessary to serve the penological interest related to the confinement of the pretrial detainee or the conditions were excessive as to the particular penological purpose; (3) the conditions were objectively dehumanizing, uncivil, or unsanitary; and (4) the defendant did not take reasonable steps to alleviate or remedy the conditions

### D. *Fourteenth Amendment Due Process – Inadequate Medical Care*

Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). I evaluate these claims under an objective deliberate indifference standard. *Id*. at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:

6

"(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Id*. The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id*. A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id*.

### E. Supervisory Liability

A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id*.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### F. Municipal Liability

A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (*citing Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit. *City of*

*Canton*, 489 U.S. at 385. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

"For purposes of claims brought under § 1983, a private entity like Naphcare [or Aramark] is treated as a municipality" and is subject to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Denson v. Gillespie*, No. 2:10-CV-00525-APG, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015); *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983"). To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity. *Tsao*, 698 F.3d at 1139. While detailed factual allegations are not required, a plaintiff must provide more than mere labels and conclusions that an action was taken pursuant to a custom or policy. *See Twombly*, 550 U.S. at 555 (2007). Such allegations are not entitled to the assumption of truth "because they are no more than mere conclusions . . . ." *Ashcroft*, 556 U.S. at 679.

### G. Habeas Claims

A prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id*. at 81-82. Claims challenging the execution of a search warrant or an arrest must be pursued in a habeas proceeding.

### III. CONCLUSION

I THEREFORE ORDER that Bond's application to proceed in district court without prepaying fees or costs (ECF No. 6) is **GRANTED**.

I FURTHER ORDER that Bond is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security. This order granting leave to proceed in district court without prepaying fees or costs will not extend to the issuance or service of subpoenas at government expense.

I FURTHER ORDER the Clerk of the Court to file the complaint (ECF No. 1-1).

I FURTHER ORDER that the complaint is DISMISSED without prejudice with leave to amend.

I FURTHER ORDER that Defendant Clark County Detention Center is DISMISSED with prejudice as amendment would be futile.

I FURTHER ORDER the Clerk of the Court to send Bond the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If Bond chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

I FURTHER ORDER that, if Bond chooses to file an amended complaint curing the deficiencies of his complaint as outlined in this order, he must file the amended complaint **by June 18, 2021.** If Bond does not file an amended complaint curing the deficiencies outlined in this order by that date, this action will be dismissed with prejudice for failure to state a claim.

I FURTHER ORDER the Clerk of the Court to send Bond copies of an *in forma pauperis* application form for a non-prisoner, instructions for the same, a blank 28 U.S.C. § 2254 habeas corpus form, and instructions for the same.

I FURTHER ORDER that Bond may file a habeas corpus petition and an *in forma pauperis* application in a new action, but he may not file any further pleadings in this action that assert claims that necessarily challenge the fact or duration of confinement.

DATED this 13th day of May, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE