|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |
| 3 | EARL H. BOND, JR., | Case No. 2:20-cv-00780-APG-NJK |
| 4 | Plaintiff, | **Order** |
| 5 | v. | |
| 6 | CLARK COUNTY DETENTION CENTER, *et al.*, | |
| 7 | | |
| 8 | Defendants. | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Earl Bond, who was incarcerated in the custody of the Nevada Department of Corrections (NDOC). On May 13, I dismiss the complaint with leave to amend and directed Bond to file an amended complaint within 30 days. ECF No. 7. The 30-day period has now expired and Bond has not filed an amended complaint.

District courts have the inherent power to control their dockets and, in the exercise of that power, may dismiss a case where appropriate. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules may warrant dismissal of an action with prejudice. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with

court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss under these circumstances, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Further, this factor is mitigated in this matter because § 1915 requires that, before docketing a complaint filed *in forma pauperis*, the court must identify and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915. Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In my Screening Order, I found that Bond failed to properly plead a cognizable claim upon which relief could be granted in violation of the Federal Rules of Civil Procedure. ECF No. 7 at 4-6. I pointed out the law relevant to the claims Bond appeared to be asserting. *Id.* at 6-8.

Finally, a court's warning to a party that his failure to file an amended complaint will result in dismissal satisfies the fifth factor that the court consider less drastic alternatives. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order requiring Bond to file an amended complaint expressly stated: "If Bond chooses to file a First Amended Complaint curing the deficiencies of his complaint as outlined in this order, he shall file the First Amended Complaint by June 18, 2021. If he does not, I will dismiss this action without prejudice." ECF No. 3 at 12. Thus, Bond had adequate warning that dismissal would result from his failure to prosecute this matter by filing an amended complaint within the time provided by.

I THEREFORE **ORDER** that this action is dismissed without prejudice but without leave to amend for failure to timely prosecute in compliance with the May 13, 2021, Screening Order.

I FURTHER **ORDER** the Clerk of the Court to enter judgment accordingly and close this case.

DATED THIS 6th of July 2021.

Andrew P. Gordon
United States District Judge